IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HERMITAGE INSURANCE COMPANY, )<br>  )<br>   Plaintiff, )<br>  )<br>vs. )<br>  )<br>JVC SANDBLASTING & PAINTING, )<br>LLC, and ALLIED STEEL )<br>CORPORATION, INC., )<br>  )<br>   Defendants. ) | CIVIL ACTION NO. 12-0194-KD-N |

## ORDER

This action is before the Court on plaintiff Hermitage Insurance Company's motion for default judgment (docs. 23, 24). Upon consideration and for the reasons set forth herein, the motion is GRANTED.[1]

I. <u>Background and procedural history</u>

Defendant JVC Sandblasting & Painting, LLC (JVC) was retained by Allied Steel Corporation, Inc. (Allied) to sandblast and paint steel pilings in the Gulf of Mexico (doc. 1). Allied alleged that the paint flaked and cracked and the pilings had to be sandblasted and re-painted at a cost of approximately $419,000, of which Allied paid $113,000 (doc. 1). Allied made a claim with JVC and Hermitage Insurance Company (Hermitage) for reimbursement of these costs. Hermitage had issued a Commercial General Liability policy insuring JVC. Hermitage took the position that JVC's alleged defective work, i.e., the improper application of paint was not covered by the policy and denied the claim.

On March 19, 2012, Hermitage filed its complaint for declaratory judgment requesting a declaration that under the terms and provisions of the Commercial General Liability policy issued to

---

[1] Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the Court may conduct a hearing to enter a judgment if the Court needs to "conduct an accounting", "determine the amount of damages", "establish the truth of any allegation by evidence" or "investigate any other matter." Upon review of the pleadings, the Court finds that a hearing is not necessary.

Case 1:12-cv-00194-KD-N   Document 25   Filed 01/02/13   Page 2 of 7

JVC, Hermitage has no obligation or duty to indemnify JVC (doc. 1). JVC was served with the summons and complaint by personal service on Justin Tanner, its sole member, on June 28, 2012 (doc. 16, p. 3). JVC did not plead, answer or otherwise respond to the complaint. Hermitage filed its request for entry of default and served JVC with a copy (doc. 17). Default was entered October 3, 2012 and the Clerk of the Court mailed a copy of the entry of default to JVC (doc. 18). Hermitage then filed its motion and amended motion for default judgment and served JVC with a copy (docs. 23, 24). Thus, JVC had notice of the proceedings but did not plead, answer or otherwise respond to the request of entry of default or the motions for default judgment.

II. Jurisdiction

Hermitage alleges that this Court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, and the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*. In the complaint, Hermitage alleges that it is a citizen of New York, that JVC is a citizen of Alabama in that its sole member Tanner is a citizen of Alabama, and that Allied is a corporation organized under the laws of Alabama with its principal place of business in Mobile County, Alabama (doc.1). Hermitage also alleges that the amount in controversy exceeds $75,000.00 in that Allied seeks to recover $113,000 from Hermitage's insured JVC.[2]

The Court must also determine whether it has personal jurisdiction over JVC. "The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 925 n. 15 (11th Cir. 2003); *see, e.g., Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that

---

[2] The complaint was signed by counsel for Hermitage and thus subject to Rule 11(b)(3) of the Federal Rules of Civil Procedure which provides that "[b]y presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the factual contentions have evidentiary support". Therefore, the Court will accept these jurisdictional allegations as true.

2

defendant has not been served.") (citation omitted); *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."). "It is axiomatic that absent good service, the Court has no in personam or personal jurisdiction over a defendant." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, 2011 WL 6752561, 2 (M.D. Fla. November 16, 2011) (citations omitted)

Hermitage alleges that Tanner, the sole member of JVC, is a citizen of Mobile County, Alabama and therefore, JVC is amenable to jurisdiction. Hermitage also alleges that JVC was served with process by way of personal service on Tanner (doc. 16). A search of the online records of the Alabama Secretary of State indicates that "Justin Tanner" is the Registered Agent for JVC, that JVC is a domestic limited liability company, and that Tanner's registered office street address is in Semmes, Alabama. Thus, JVC is amenable to jurisdiction in this Court. As to service of process, Rule 4(h) of the Federal Rules of Civil Procedure provides for service of process upon a corporation, partnership or association. The Rule explains, in relevant part, that the entity "must be served … in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…" Fed. R. Civ. P. 4(h)(1)(B). Since the Registered Agent was served with the summons and complaint, service of process is sufficient to establish this Court's jurisdiction over JVC.

III. Findings of Fact

Upon consideration of the pleadings, the Court makes the following findings of fact:

Hermitage issued a Commercial General Liability policy to JVC. The policy was effective from May 23, 2011 to May 23, 2012, to JVC (doc. 1, Exhibit A). Allied retained JVC to sandblast and paint approximately 596 steel pilings in the Gulf of Mexico. (*Id*.) Allied alleges that JVC's work was faulty or improperly performed and caused the pilings to be sandblasted and repainted at a cost of approximately $419,000. (*Id.*) In November 2011, Allied made a claim or demand against JVC's policy for reimbursement of all monies paid by Allied to repair JVC's work which totaled $113,000.00 at the time the complaint was filed (*Id.*, Exhibits B and C, Allied's correspondence

with Jack Green Insurance Agency and with JVC).

The policy provides coverage for claims made or suits brought against JVC for damages because of bodily injury or property damage caused by an "occurrence" (doc. 1, p. 4).  The word "occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (doc. 1, doc. 1-1, p. 18 (Exhibit A, the policy)) The phrase, "property damage" is defined, in relevant part, as "a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."  (*Id.*, p. 18-19)

The policy also excludes coverage in certain instances for "bodily injury" or "property damage" that is "expected or intended from the standpoint of the insured" and for **"bodily injury or property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."** (doc. 1, doc. 1-1, p. 6).  The policy also excludes coverage for damage to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it" (doc. 1, doc. 1-1, p. 9); property damage to the insured's work; and property damage to " 'impaired property' or property that has not been physically injured arising out of : (1) A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'". (*Id.*)

IV. Standard of review

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment.  Fed. R. Civ. P. 55.  If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of court "must enter the party's default." Fed. R. Civ. P. 55(a).  After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation" the clerk must enter default. Fed.R.Civ.P. 55(b)(1).  In all other circumstances, such as here, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).  Also, a "default judgment must not differ in kind from, or exceed in amount, what is

demanded in the pleadings." Fed. R. Civ. P. 54(c).

The Court of Appeals for the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. Defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id*. (emphasis omitted). Therefore, Heritage must establish a "prima facie liability case" against the defendant. *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted).

Also, when assessing default judgment damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). Therefore, when ruling on a motion for default judgment, the Court must determine whether there is a sufficient factual basis in the complaint upon which a judgment may be entered. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

V.  Analysis

Upon consideration of the pleadings, the Court is satisfied that the well-plead allegations of the complaint state a cause of action and form a legitimate basis for declaratory relief as to whether Hermitage must indemnify JVC for Allied's claims. Also, the well-plead allegations form a substantive, sufficient factual basis upon which judgment may be entered. In support of its claim that it owes no coverage for JVC's alleged poor or defective workmanship in painting the pilings

for Allied, Hermitage provides the Court with a copy of the commercial general liability policy issued to JVC which sets forth the plain and unambiguous terms and conditions for indemnification and coverage (doc. 1-1, Exhibit A). Specifically, the policy states that coverage applies to an "occurrence" as defined in the policy, i.e., an accident, but excludes coverage where the insured's work was performed incorrectly or was defective, deficient or inadequate. In that regard, "[i]f the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court." *Nationwide Ins. Co. v. Rhodes*, 870 So.2d 695, 696-97 (Ala.2003) (citation omitted). "General contract law requires a court to enforce, as it is written, an unambiguous and lawful contract." *Drummond Co. v. Walter Industries, Inc.*, 962 So.2d 753, 780 (Ala.2006); *Chris Myers Pontiac-GMC, Inc. v. Perot*, 991 So.2d 1281, 1284 (Ala.2008) ("When interpreting a contract, a court should give the terms of the contract their clear and plain meaning and should presume that the parties intended to do what the terms of the agreement clearly state.") Accordingly, the Court declares as follows:

> a. That JVC is not entitled to indemnification against any claim, judgment, award, verdict or settlement in the claim asserted by Allied Steel.
>
> b. That JVC is not entitled to any benefits or proceeds of the above-referenced Commercial General Liability policy issued by Hermitage.
>
> c. That Allied Steel is not entitled to any benefits or proceeds of the above-referenced Commercial General Liability policy issued by Hermitage to JVC.
>
> d. That faulty workmanship does not constitute an occurrence under the Hermitage policy.
>
> e. That any alleged damages sought by Allied Steel are excluded from coverage by the terms and provisions of the Hermitage policy, which exclude coverage for bodily injury or property, damage which is either expected or intended from the standpoint of the insured.
>
> f. That any alleged damages sought by Allied Steel are excluded from coverage by the terms and provisions of the Hermitage policy which excludes coverage for bodily injury or property damages arising out of contractual liability.

g. That the alleged damages claimed by Allied Steel do not constitute property damage under the Hermitage policy and as such, Hermitage does not have a duty to indemnify JVC against any claim, demand, lawsuit, proceeding, judgment, award, verdict or settlement pertaining to the alleged damages.

h. That the alleged damages claimed by Allied Steel are to the work of JVC and therefore, are excluded from coverage under the Hermitage policy.

A separate Judgment consistent with the terms of this Order shall issue contemporaneously herewith.

The Clerk is directed to mail a copy of this Order, by certified mail, to Defendant JVC at its address of record.

DONE and ORDERED this 2nd day of January, 2013.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**