IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HERMITAGE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 12-0194-KD-N |
| | ) |
| JVC SANDBLASTING & PAINTING, LLC, and ALLIED STEEL CORPORATION, INC., | ) |
| | ) |
| Defendants. | ) |

## CONSENT JUDGMENT

Plaintiff Hermitage Insurance Company (Hermitage) and defendant Allied Steel Corporation Inc., (Allied) executed and filed their joint stipulation to consent judgment. (Doc. 22) Defendant JVC Sandblasting and Painting, LLC (JVC) did not execute the stipulation. Accordingly, it is hereby **ORDERED, ADJUDGED, and DECREED**, that as to plaintiff Hermitage and defendant Allied:

1. That Allied retained the services of JVC to sandblast and paint approximately 596 steelpilings that were to be used at a job site in Belle Chase, Louisiana.

2. That upon completion of JVC's work, and after the steel pilings were released into Allied's care, custody and control, the paint applied by JVC did not adhere to the steelpilings and began to flake and/or crack. That the steel pilings had to repainted and reworkedby a company other than JVC at a cost of approximately $419,000 out of whichAllied paid $113,000.

3. That Allied asserts JVC's work was faulty and has made a demand upon JVC, andHermitage, for reimbursement of the costs associated with the repair and/or replacementof JVC's work.

4. That Allied's claim against JVC arises entirely out of the alleged improper work and/orworkmanship of JVC and no claim is being made for damage to

personal property orother parts of the structure.

5. That Hermitage issued a commercial general liability policy to JVC bearing policy number HGL/567860-11 with effective dates ofMay 23, 2011 through May 23, 2012. [Doc. 1, Exhibit A, copy of policy].

6. The Hermitage policy issued to JVC provides coverage for bodily injury and propertydamage caused by an "occurrence". The term "occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same generalharmful conditions." (Doc. 1 Exhibit A)

7. That JVC's alleged improper application of paint to the steel pilings is not an"occurrence" under the Hermitage policy. *USF&G v. Warwick*, 446 So.2d 1021(Ala.1984) and *Town & Country Property, LLC v. Amerisure Ins. Co.*, ___ So.3d ___,2011 WL 5009777 (Ala. Oct. 21, 2011).   Therefore, Allied stipulates and agrees that the Hermitage policy does not provide coverage for its claims in this matter.

8. That the Hermitage policy contains several clear and unambiguous exclusions which preclude coverage for Allied's claim.  Including, but not limited to, Exclusion (l) <u>Damage To Your Work</u>, which precludes property damage to "your work" arising out of it or any part of it. (Doc. 1 Exhibit A)

9. That Allied stipulates and agrees that the "your work" exclusion contained in theHermitage policy excludes all damages claimed by Allied in this matter.

10. That Allied stipulates and agrees that it is not entitled to recover any benefits or proceedsof the commercial general liability policy issued by Hermitage to JVC.

11. That the costs of this action, as to Allied only, are taxed as paid. That Hermitage, at its discretion, may elect to seek costs against the remaining Defendant, JVC.

DONE and ORDERED this 2nd of January, 2013.

                                                                         **s / Kristi K. DuBose**
                                                                         **KRISTI K. DuBOSE**
                                                                         **UNITED STATES DISTRICT JUDGE**